

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Office of Federal Operations
P.O. Box 19848
Washington, D.C. 20036

Hadi Mehrsefat,
Complainant,

v.

Gale A. Norton,
Secretary,
Department of the Interior,
Agency.

Appeal No. 01A55903

Agency No. LSM-05-02

### DECISION

Complainant timely initiated an appeal from a final agency decision (FAD) concerning his complaint of unlawful employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e *et seq.* and the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. § 621 *et seq.* The appeal is accepted pursuant to 29 C.F.R. § 1614.405. For the following reasons, the Commission affirms the agency's final decision.

Complainant filed a formal complaint on November 14, 2004, alleging that he was discriminated against on the bases of national origin (Iranian) and age (D.O.B. March 19, 1947) when he was not hired. The record reveals that complainant applied for the position of Economist with the agency's Office of Surface Mining (OSM) in Washington, D.C. facility. The agency was filling a single position and gave consideration to candidates at both the GS-5 and the GS-7 level.

The record shows that the position was an entry-level data entry position that had the potential for progression to a GS-12 level. The agency interviewed thirteen candidates, including complainant. The record indicates that the Human Resources Department found five applicants eligible. Complainant's name was number one on the list of eligibles at the GS-5 level, but the agency did not select complainant. The record shows that, after one of the other top three candidates declined the offer, the agency selected candidate number four. The selectee (age 25) was substantially younger than complainant (age 57) and was not of complainant's national origin.



FILED
JUN - 9 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

2                                                                      01A55903

The agency's articulated reason for not selecting complainant was because the selecting official believed that the selectee appeared better qualified than complainant. The selecting official viewed the selectee as a better fit, because the selectee did not have too much experience and complainant was viewed as above the level of experience that the office was seeking. The record shows that the successful candidate submitted application materials showing he created a database that was used to analyze health survey results and maintained an employees' internal intranet website, while working for another agency. The record does not document complainant's knowledge and experience working with computers and computerized database management systems; however, the record does show that complainant was a professor at Strayer University, who taught Economics and was a former business owner. The agency concluded that complainant's experience did not relate to data collection and database management at the entry level. In addition, the selecting official stated that complainant's answers, during the interview, were vague. The selecting official testified that she did not recall complainant relating any experience working with databases, other than in grading student papers.

At the conclusion of the investigation, complainant was informed of his right to request a hearing before an EEOC Administrative Judge or alternatively, to receive a final decision by the agency. Complainant requested that the agency issue a final decision.

In its FAD, the agency concluded that complainant had not shown that the agency's articulated reason for the nonselection (it viewed the selectee as better qualified for the position) was a pretext for national origin or age discrimination.

On appeal, complainant contends that the FAD is based on an improperly developed and incomplete record of investigation. Complainant also argues that agency procedure required selection from the top three candidates and that the agency departed from standard investigative process when it did not interview the selecting official first. Complainant offered research of anti-Iranian backlash and age bias to buttress his claims. The agency requests that we affirm its FAD.

To prevail in a disparate treatment claim such as this, complainant must satisfy the three-part evidentiary scheme fashioned by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). He must generally establish a *prima facie* case by demonstrating that he was subjected to an adverse employment action under circumstances that would support an inference of discrimination. *Furnco Construction Co. v. Waters*, 438 U.S. 567, 576 (1978). The *prima facie* inquiry may be dispensed with in this case, however, since the agency has articulated legitimate and nondiscriminatory reasons for its conduct. *See United States Postal Service Board of Governors v. Aikens*, 460 U.S. 711, 713-17 (1983); *Holley v. Department of Veterans Affairs*, EEOC Request No. 05950842 (November 13, 1997). To ultimately prevail, complainant must prove, by a preponderance of the evidence, that the agency's explanation is a pretext for discrimination.

The Commission finds that complainant failed to present evidence that more likely than not, the agency's articulated reasons for its actions were a pretext for discrimination. There is no evidence

that the agency deviated from its regular procedure in making the selection at issue or that the action was motivated by discrimination. Having considered the totality of the evidence, we conclude that complainant did not show that the agency's stated reasons were a pretext for unlawful national origin or age discrimination.

Accordingly, it is the decision of the Commission to affirm the FAD, which found no discrimination.

### STATEMENT OF RIGHTS - ON APPEAL

### RECONSIDERATION (M0701)

The Commission may, in its discretion, reconsider the decision in this case if the complainant or the agency submits a written request containing arguments or evidence which tend to establish that:

1. The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2. The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision or **within twenty (20) calendar days** of receipt of another party's timely request for reconsideration. *See* 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), 9-18 (November 9, 1999). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. *See* 29 C.F.R. § 1614.604. The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. *See* 29 C.F.R. § 1614.604(c).

### COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0900)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action,

4                                                                                          01A55903

you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint.**

### RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

*[signature]*

Carlton M. Hadden, Director
Office of Federal Operations

MAR 0 3 2006
Date

### CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed. I certify that this decision was mailed to complainant, complainant's representative (if applicable), and the agency on:**

MAR 0 3 2006
Date

*[signature]*
Equal Opportunity Assistant