VIII - 14

5)   A statement that OPM will notify the eligible of its decision.

b.   The CPS veteran has the right to respond to the reasons to OPM within 15 days of the notification. OPM must consider any response before making its determination.

F.   Other Actions on a Certificate. After names have legitimately been removed from consideration as explained above, the only remaining actions that can be taken with respect to eligibles are **Appointed (Action code: A)** or **Non-Selected (Action code: NS or NN)**.

G.   Following up on Overdue Certificates. The selecting official is responsible for returning the certificate by the due date. If actions cannot be completed on time, the selecting official should request an extension of time. The Examining Office should follow-up on overdue certificates within a few days after the due date. These steps are particularly crucial for certificates issued from inventories because eligibles may be losing employment consideration for other openings. **(In the case of dual certification there is more flexibility concerning overdue referrals.)**

H.   Returning the Certificate to the Examining Office. When all actions have been completed on a certificate, the selecting official should return it to the Examining Office promptly.

I.   Prior to audit of the certificate, the certificate must be documented. Documentation must include the action taken on each of the eligibles certified; including the Enter on Duty (EOD) date (or probable EOD date) for each appointee. Appropriate documentation must also be included for all applicants who were removed from consideration (i.e. failure to respond, etc.). Applications of all eligibles, except for those persons who were appointed, must accompany the certificate.

## § 8.13.   AUDITING ACTIONS ON CERTIFICATES OF ELIGIBLES

A.   Definition. Auditing is the process undertaken by the certifying office to review a completed certificate for compliance with legal and regulatory selection rules and procedures.

B.   A report or return copy of the Certificate of Eligibles must be signed and dated by the appointing official as documentation for the file.

C.   The certificate should be audited promptly by the Examining Office. OPM recommends a time-standard of 3 work days after return of a certificate to perform the audit. Timely audit is important for two reasons. First, if the certificate has been issued from an inventory where dual referral does not occur, the audit closes it out, and enables non-selected eligibles to be entered back on the inventory. If the certificate has been worked improperly, any hiring commitments made by the selecting official may potentially be invalid. A prompt audit will catch these errors early.

D.   The auditing employee has two basic responsibilities:

1.   Determine that all applications, except those from selected candidates, have been returned and that all documentation required for declinations and other removals-from-consideration is in order.

2.   Determine that all selections have been made in accordance with the **Rule-of-Three** and **Veterans' Preference.**

E.   If a name has been removed improperly from consideration, the selecting official's action code must be changed to **NS (Not Selected)** before auditing continues.

F.   The following steps should be observed in determining the proper order of selection.:



*Audit to Assure Compliance*
*Certificate of Eligibles*

| 7 | 6 | 5 | 4 | 3 | 2 | 1 | RATING | NAME | ACTION |
|---|---|---|---|---|---|---|--------|------|--------|
|   |   |   |   |   |   | ● | 89 CP | Ash | Select/Appoint |
|   |   |   |   | ● | C | C | 98 TP | Fern | Select/Appoint |
|   |   |   |   | ● | C | C | 98 | Locust | NS/OUT |
|   |   |   |   | ● |   |   | 97 XP | Poplar | Select/Appoint |
| ∽ |   | C | C | C |   |   | 96 | Fruitwood | NS/OUT |
|   |   |   | ● |   |   |   | 95 TP | Branch | Select/Appoint |
|   | C | C | C |   |   |   | 95 | Azalea | NS/OUT |
|   |   | ● |   |   |   |   | 95 | Laurel | Select/Appoint |
|   | ● |   |   |   |   |   | 94 TP | Sage | Select/Appoint |
| C | C |   |   |   |   |   | 93 | Fir | NN |
| C |   |   |   |   |   |   | 93 | Jasmine | NN |
| C |   |   |   |   |   |   | 93 | Redwood | NN |
|   |   |   |   |   |   |   | 92 | Lilac | NN |
|   |   |   |   |   |   |   | 92 | Rhododendron | NN |
|   |   |   |   |   |   |   | 92 | Daisy | NN |

c:\audit.wpd 9/23-99

*C = Considered*
*NS = Not Selected*
*NN = Non-Contacted*

*CNS – Contacted Not Selected*

*Sample*

'99. All rights ...

Page ...

1.  Disregard all candidates who have been legitimately removed from consideration.

2.  For the first vacancy, determine who the first 3 available candidates are and place a "1" beside their names to indicate the group of three from which the first selection can be made. Then determine that the first appointee was within the top 3 available candidates, that is, that there are not 3 NS candidates above him or her. An example may look like this:

| | | | |
|---|---|---|---|
| 1 | A | 95.0 TP | Armstrong |
| | D | 93.0 | Baker |
| 1 | A | 90.0 | Carter |
| 1 | NS | 89.0 | Davis |
| | FR | 89.0 | Evans |
| | NS | 85.0 | Farmer |
| | A | 82.0 | Green |
| | NS | 82.0 | Hamilton |

3.  Then determine that the first appointee is either (1) a preference eligible, or (2) that there is not a non-selected preference eligible above him/her on the certificate. If steps 2 and 3 check out, the first appointment is legal.

4.  If there was more than 1 selection made from the certificate, place a "2" beside the names of the remaining two eligibles who were not selected for the first vacancy and the name of the next available eligible, working downward on the certificate. Our example will now look like this.

| | | | | |
|---|---|---|---|---|
| | 1 | A | 95.0 TP | Armstrong |
| | | D | 93.0 | Baker |
| 2 | 1 | A | 90.0 | Carter |
| 2 | 1 | NS | 89.0 | Davis |
| | | FR | 89.0 | Evans |
| 2 | | NS | 85.0 | Farmer |
| | | A | 82.0 | Green |
| | | NS | 82.0 | Hamilton |

5.  For the second vacancy, determine that the appointee is within the second group of three and that he/she meets the criteria outlined in 3. above. If so, the second appointment is legal. It is also apparent that Davis has received two bona fide considerations and is entitled to a third.

6.  If there were more than 2 selections made from the certificate, place a "3" beside the names of the remaining eligible(s) who were not selected for the second vacancy (in our example, Davis and Farmer) and the name of the next available eligible, working downward on the certificate. Our example will now look like this.

| | | | | | |
|---|---|---|---|---|---|
| | | 1 | A | 95.0 TP | Armstrong |
| | | | D | 93.0 | Baker |
| | 2 | 1 | A | 90.0 | Carter |
| 3 | 2 | 1 | NS | 89.0 | Davis |
| | | | FR | 89.0 | Evans |
| 3 | 2 | | NS | 85.0 | Farmer |
| 3 | | | A | 82.0 | Green |
| | | | NS | 82.0 | Hamilton |

7.  For the third vacancy, determine that the appointee is within the third group of three and that he/she meets the criteria outlined in 3. above. If so, the third appointment is legal. It is also

**VIII - 16**

apparent in our example that Davis has now received three bona fide considerations without being selected. Davis's name can now be removed from consideration if there is a fourth vacancy to be filled. His line on the certificate can be shown thus:

3    2    1——NS-3    89.0                Davis

8.  Continue following these steps for each additional vacancy over three.

G.  If the certificate will not audit properly, then an illegal selection has been made. The selecting official must be notified immediately. Corrections must be made before the selected individual enters on duty. There are several options for correcting a potentially improper appointment, depending on the circumstances. See **Section 8.14** which outlines procedures for correcting improper appointments that avoid removing the incumbent while giving applicants the consideration they lost.

H.  Changing Inventory Records as a Result of a Closed-out Certificate. When a certificate has been issued from an inventory and audited upon return, appropriate changes will need to be made to the records of eligible competitors to reflect actions of the agency's report.

1.  Eligibles Reported A *(Selected Eligibles)* - File in the inactive section of the inventory if the appointment was career or career-conditional; file in the active section if the appointment was temporary or term.

2.  Eligibles Reported CE *(eliminated because they are already employed by the agency)* - Career or Career-Conditional employee already serving under the same appointing officer, in the same type position, in the same (or higher) grade, at the same duty location, and under the same (or preferable) type of appointment as that for which this certificate was issued. When these symbols are used, Title of Position, Grade and Duty Location must be listed as evidence that all of the above conditions are present.

The applicant's record can usually be filed in the inactive section, unless the Examining Office may also issue certificates to other appointing officers or for other series, grades, duty location, promotion potentials, specialities, etc..

3.  Eligibles Reported CR or FR *(eliminated due to a failure to respond or where communication is returned unclaimed)* - File in the inactive section.

4.  Eligibles Reported D *( any declination symbol)* - File in the inactive section unless the eligible indicates availability for future positions.

5.  Eligibles Reported as NS or NN *(non-selected)* - File in the active section unless the eligible received three bona fide considerations for the same grade, occupation, and agency; then inactivate record. This would apply to agency-specific inventories.

6.  Eligibles on Whom a Objection/Passover Request was Sustained - File the applicant's application in the inactive section for those series and grades for which they have been clearly identified as ineligible and annotate any other files which are used to maintain veterans' applications. Decisions about the effect of the objection/passover on future certificates should be made on a case-by-case basis as the new certificates are prepared.

I.  When the audit is completed and the report approved, the person auditing the certificate must sign and date the report copy.

**§ 8.14    LOST CERTIFICATION DUE TO ERRONEOUS CERTIFICATION**

A.   Basic Concepts

1.   This section deals with procedures for giving priority consideration to applicants who have lost consideration due to erroneous certification. It is important to remember that there is no situation where an applicant must be selected. A selecting official always has the option of returning the original certificate unused; however, this does not eliminate the lost consideration eligible(s) from future positions. Thus, if we were to require an agency to appoint an applicant who has lost consideration, that would be giving the applicant an absolute right to an appointment that would not have existed had the action been processed properly. The lost consideration eligible can be non-selected and such non-selection made within the "rule of three" counts as a legal consideration.

2.   For the purposes of this section, erroneous certification involves the inadvertent misranking, noncertification, or failure to give bona fide consideration to an eligible in connection with a competitive certificate of eligibles, whether issued by an agency's Examining Office or by an OPM Service Center acting as the examining agent for an agency. The erroneous certification must be the result of an administrative error for the remedies listed in **Sections 8.14.C and 8.14.D** to apply. Cases of knowing or intentional manipulation of the examining system are handled based on their unique characteristics, but will typically be referred to the Office of Special Counsel.

3.   In the case of erroneous certification, agencies always have the option of regularizing the appointment by removing the incumbent. However, OPM has long worked under the principle that appointments made from an erroneous certificate that was due to administrative error on the part of the certifying office constitute an error of the Commission. There is a 1917 Attorney General's decision (CIVIL SERVICE -- ERRONEOUS CERTIFICATION, April 19, 1917.31 U.S. Op. Att. Gen. 110, 1917. WL 729 ( U.S.A.G.)), in which the Attorney General concluded that regularizing appointments from an erroneous certificate was unduly harsh to the appointee and contrary to the intent of Congress. Agency Examining Offices may also use the error of the Commission principle.

4.   Erroneous certification occurs when an applicant does not appear in the correct place on the certificate (i.e., was misranked on a certificate or did not appear on the certificate at all) or when an applicant appeared on the certificate but did not receive appropriate consideration. There are two principal types of erroneous certification: those that involve a violation of law and those that do not involve a violation of law.

B.   Erroneous Certification Where There is a Legal Violation (Lost Employment Consideration)

1.   <u>Definition.</u> The more serious type of erroneous certification is the case where there is a violation of law: Title 5 (Rule of Three) and possibly the Veterans Preference Act of 1944. This is known as Lost Employment Consideration or Loss of Bona Fide Employment Consideration. In order for there to be a legal violation, the following four conditions (a-d) must be met.

a.   A selection must be made from the erroneous certificate. *If no selection is made from the certificate, there is no legal violation.*

b.   When the erroneous certification is corrected, the applicant must move within reach. *If the applicant does not move within reach, there is no legal violation.*

c.   When the erroneous certification is corrected, the selectee must move out of selection range. *If the selectee remains within reach, there is no legal violation.*

VIII - 18

    d.    The misranked/noncertified/nonconsidered applicant must meet all qualification and suitability requirements for the position. *If the applicant does not meet all qualification and suitability requirements, there is no legal violation.*

2.   <u>Steps for Correcting Erroneous Certification Where There Has Been a Legal Violation (Lost Employment Consideration)</u>

    a.    If the erroneous certification is discovered before a selection action has occurred, the selecting official should be contacted immediately and told not to extend any selection offers until the certificate is amended to add or rerank the eligible.

    b.    This step is voluntary on the part of the agency. If the agency determines that an eligible lost consideration on a Certificate of Eligibles, the agency can noncompetitively appoint the eligible to a position described in one of the options below if all these criteria are met:

        1)   A selection action has occurred;

        2)   The misranked/noncertified/nonconsidered eligible is within reach;

        3)   The selectee moves out of reach when the eligible is properly shown on the list; and

        4)   The applicant meets all qualification and suitability requirements for the position.

**OPTIONS**

        1)   Offer employment to an **identical** position (same series, same grade, same promotion potential, same tenure, same geographic location or any location the applicant deems acceptable).

        2)   Offer employment to any **equivalent** position (same grade, same promotion potential, and same tenure) for which the applicant qualifies in the same geographic areas in which the applicant lost consideration or in any geographic area that the applicant considers acceptable.

If the applicant accepts one of the appointment offers described above or if the applicant declines one of the appointment offers described above, no further action is necessary.

    c.    If either a) the agency declines to make any of the voluntary offers listed above or b) the applicant declines a position because it is not in either the same location or in one which he or she indicated was acceptable, ***then the following step is mandatory.***

The applicant **must** receive priority consideration for the next appropriate position (see **OPTIONS** below) announced under competitive procedures. The applicant eligible for priority consideration would be listed on a certificate of eligibles as the first candidate for consideration under the "rule of three."

In case examinations, the number of priority considerations would equal the number of selections made from the original certificate. In register examinations, the applicant would continue to receive priority consideration until appointed or until the applicant has received the number of bona fide employment considerations that he/she would have received had the fault not occurred. In cases where it is not possible to determine the exact number of lost employment consideration opportunities, an appropriate number of priority consideration opportunities should be given the eligible based on the activity of the

inventory, length of time consideration was lost, and the applicant's qualifications relative to others on the register.

In cases where there is an eligible for priority consideration and a well qualified ICTAP eligible, the agency may select either candidate.

The eligible for priority consideration has received proper consideration only if referred to a situation where there has been either an appointment within the "rule of three" made from a certificate or an ICTAP appointment.

**OPTIONS** The agency has the option of offering either or both of the following. (**Note that for 10-point veterans, only option 1 below would apply.**):

1) Any equivalent position (same grade, same promotion potential, and same tenure) within the agency for which the applicant is **minimally** qualified in any geographic area which the applicant deems acceptable.

2) Any equivalent position (same grade, same promotion potential, and same tenure) within the agency for which the applicant is **well-qualified** in any geographic area which the applicant deems acceptable.

C.  Erroneous Certification Where There has Been No Legal Violation (Lost Certification)

1.  Definition. The type of erroneous certification that does not involve a violation of law (i.e., does not meet the four criteria in Section 8.14.B) is known as *Lost Certification.* Lost certification occurs when an applicant is misranked on, or left off, a certificate but correcting the error would not give the applicant real employment consideration. The following are examples of lost certification.

   a.  Suppose an eligible was left off a certificate but would not have been within reach for selection even if he or she had received proper treatment.

   b.  Suppose an eligible was misranked on a certificate and is within reach when the error is corrected. The selectee also stays within reach after the adjustment is made.

2.  Steps for correcting erroneous certification where there has been no legal violation (Lost Certification).

   In the case where there has been erroneous certification but no legal violation (i.e., all four criteria listed in **Section 8.14.B** were not met), there is no obligation to give the applicant any priority referral. However, a misranked/noncertified/nonconsidered eligible **may** be placed at the head of next certificate for an equivalent position (same grade, same promotion potential, and same tenure in a geographic area which the applicant deems acceptable) for which the applicant is qualified. Note that in cases of lost certification, well qualified ICTAP eligibles **must** be selected before anyone on the certificate, including the eligible who is receiving priority consideration.

D.  Documentation and Follow-up

   In all cases of erroneous certification, the case file should be documented with the facts of the case. Follow-up action should also be taken (e.g., review of processing procedures and additional staff training) to preclude recurrence of the problem. Examining Offices should notify the applicant if his/her opportunity for consideration was affected, particularly, due to a legal violation. This should also be part of the documentation materials.

**VIII - 20**

## § 8.15.    CERTIFICATION TIME LIMITS

A.    Time Limit on Selection from a Certificate.

    1.    An appointing official may select an eligible candidate not originally reported as selected, if the selection is made within 10 business days after the date of the original report on the certificate.

    2.    Any other selection made more than 10 business days after the date of the original report on a certificate must have the prior approval of the certifying office.  This approval may only be given if the proposed appointee is currently within reach on the inventory and would not be blocked by a preference eligible.

B.    Time Limit on the Use of a Case Examining File.  A case examining file can be used 90 days from the time a certificate is **issued** to the agency personnel office to select a candidate for a vacant position. If a selection has not been made within 90 days, the agency would be required to readvertise for ICTAP.  The same list of qualified and available candidates may be used to issue a new certificate for identical positions without reannouncing at any time during those 90 days.   If an announcement reopens within 90 days of the original closing date, all of the original applicants to the announcement must be considered.   If there is no change in selection criteria from the original announcement, applicants do not have to reapply.   If there is a change in selection criteria from the original announcement, the original applicants must be contacted and informed of what other materials they must submit to be considered under the second announcement.

A case examining file and all its pertinent records must be kept for at least 2-years or until the Delegated Examining Offices's examining program is audited by OPM's Office of Merit Systems Oversight and Effectiveness (OMSOE), whichever comes first.  Upon the expiration of the two-year waiting period or upon completion of an OMSOE Tier 3 review (See Section 9.7), the records may be disposed of in accordance with the Records Retention and Disposition Schedule in **Appendix G.**

C.    Time Limit on Appointment After Selection from a Certificate.  A selected candidate should normally enter on duty (EOD) within a reasonable amount of time (i.e., 30 days) from the date of selection. However, to accommodate special situations, such as the completion of education, a geographical move, obligations to current employers, or processing of security clearances, an agency may delay the selectee's EOD for up to 6 months from the date of selection.  In very unusual circumstances where more than 6 months is required, such as, complex security requirements for law enforcement positions, OPM may grant one additional 6 month extension.  If the selectee does not EOD within the allotted time limit for the certificate, the agency must re-open the job to ICTAP candidates and make an offer to any well-qualified priority candidate who applies before appointing the original selectee.

The Examining Office must submit their requests for extension in writing to the local OPM Service Center Director.  Approval will be made on a case-by-case basis.