IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HADI MEHRSEFAT,<br>    Plaintiff,<br><br>v.<br><br>DIRK KEMPTHORNE, Secretary,<br>U.S. DEPARTMENT OF THE INTERIOR,<br>    Defendant. | Civil Action No. 1:06CV01060<br><br>Date: August 17, 2006 |

## DECLARATION OF BRENDA GARRETT-FREEMAN

I, Brenda Garrett-Freeman, do hereby declare as follows:

1. I have personal knowledge of the facts stated herein.

2. I am a Human Resources Specialist for the U.S. Department of the Interior, Office of Surface Mining ("OSM").

3. Plaintiff, Hadi Mehrsefat, was among 56 applicants for the Economist, GS-5, vacancy announcement OSM-2004-0049. (Exh. 1)  All of the applicants who applied for the GS-5 and GS-7, Economist position were listed of the QuickHire Staging Area Applicant Listing. (Exh. 2).

4. Plaintiff applied only for the GS-5, Economist position. He did not apply for the position of GS-7, Economist. (Exh. 2, pages 5-9).

5. As part of my duties as the Human Resources Specialist in the hiring process, I took the list of applicants and in accordance with the Office of Personnel Management's (OPM) rules took the five highest scored applicant's for the GS-5, Economist position and certified a list of eligible applicants on June 23, 2004. (Exh. 3, page 3).



6. The scores applicants received were based on their answers to questions provided with the application. In this case the Plaintiff had a score of 97.48 from his self assessment. (Exh. 7). The next two highest scores were 96.72 and 96.34. (Exh. 3, page 3)

7. In accordance with OPM regulations (the rule of three), the selecting official was told that if there are more than three names on a certificate, she must select from the first three available names before considering subsequent names. (Exh. 3, page 2). To my knowledge the selecting official followed my instructions. There were no applicants with veteran's preference.

8. According to the Delegated Examining Operations Handbook, §8.2, "a minimum of three eligibles should be referred for each vacancy…at the discretion of the certifying official and based on its past experience, additional names may be certified to compensate for eligibles who may be expected to decline or fail to respond to an inquiry of availability." (Exh. 5). In this case, I placed the top five names from the GS-5 applicant listing and the top four names from the GS-7 applicant listing on their respective certificates just in case, as here, there would be applicants who declined the offer.

9. In this selection the selecting official, Ruth Stokes, interviewed the Plaintiff and the two next highest scoring applicants on the GS-5 certificate. Ms. Stokes then returned the certificate to me and selected the second highest scoring individual, Matthew Brigida. (Exh. 3 page 3). I then made the official job offer to Mr. Brigida, however, he did not accept the offer.

10. Once Mr. Brigida turned down the offer of employment, I informed Ms. Stokes that pursuant to OPM regulations, specifically the rule of three, she could then consider the fourth highest scoring individual on the list, James Tichenor. To my knowledge, Ms. Stokes interviewed Mr. Tichenor and sent the GS-5 certificate back to me with the selection of Mr.

2

Tichenor. I then made the official job offer to Mr. Tichenor and he accepted the offer on August 19, 2004. (Exh. 3, page 3).

11. The same process was used when interviewing under the GS-7 certificate. Ms. Stokes interviewed the individuals on the list and first selected John Powers, the third highest scoring person. Mr. Powers declined the offer and at that time pursuant to OPM regulations, Ms. Stokes then offered the fourth individual on the list, Jennifer Sohns, the position of Economist under the GS-7 certificate, however, she declined. (Exh. 4, page 4).

12. On August 24, 2004, I completed an audit on the list of eligibles for the GS-5, Economist position. (Exh. 3, page 3). The audit was conducted in accordance with OPM Delegated Examining Operations Handbook § 8.13. (Exh. 6). The certificate was audited within three days after it was returned to the Human Resources Specialist and complied with legal and regulatory selection rules and procedures.

13. On page 3 of exhibit 3, the acronym "C/N" was placed on the document during our Annual Audit Review by an OPM representative. To my knowledge "C/N" stands for contacted, not selected.

14. The vacancy announcement for the GS-5/7 Economist position did not require any applicant to provide their date of birth, gender, or race.

15. I have never met Hadi Mehrsefat or any of the individuals listed on the GS-5 or GS-7 certificates.

3

Pursuant to 28 U.S.C. § 1746, I hereby declare under the penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct. Executed this 17th day of August, 2006.

*Brenda Garrett-Freeman*
Brenda Garrett-Freeman
Human Resources Specialist