# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HADI MEHRSEFAT, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Civil Action No. 06-1060(HHK)** |
| v. ) | |
| ) | |
| DIRK KEMPTHORNE, Secretary, ) | |
| U.S. DEPARTMENT OF THE INTERIOR, ) | |
| ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, defendant Dirk Kempthorne, Secretary, United States Department of the Interior, moves for summary judgment in this matter brought pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., because there are no genuine issues in dispute and Defendant is entitled to judgment as a matter of law. Plaintiff cannot meet his burden establishing that the Agency's actions were motivated by a discriminatory animus. Given such, summary judgment should be granted to Defendant, and Plaintiff's complaint dismissed with prejudice[1]. In support of this motion, the Court is

---

[1]Plaintiff should take notice that any factual assertions contained in the affidavits and other attachments in support of defendant's motion will be accepted by the Court as true unless the plaintiff submits his own affidavits or other documentary evidence contradicting the assertions in the defendant's attachments. See Neal v. Kelly, 963 F.2d 453, 457 (D.C. Cir. 1992), Local Civil Rule 7.1(h) and Fed. R. Civ. P. 56(e), which provides as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be

respectfully referred to the accompanying Memorandum of Points and Authorities, Statement of

Material Facts Not in Dispute and Exhibits. A Proposed Order is attached.

Respectfully submitted,

\_\_/s/_____
KENNETH L. WAINSTEIN, D.C. Bar # 451058
Assistant United States Attorney

\_\_/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

\_\_/s/_____
WYNEVA JOHNSON, DC Bar #278515
Assistant United States Attorney
Judiciary Center Bldg.
555 4th Street, N.W., Civil Division
Washington, D.C. 20530
(202) 514-7224

OF COUNSEL:
William Buckley
Attorney
Branch of Personnel Litigation and Civil Rights
Solicitor's Office
Department of the Interior

---

attached thereto or served therewith. The court may permit
affidavits to be supplemented or opposed by depositions, answers
to interrogatories, or further affidavits. When a motion for
summary judgment is made and supported as provided in this rule,
an adverse party may not rest upon the mere allegations or denials
of the adverse party's pleading, but the adverse party's response, by
affidavits or as otherwise provided in this rule, must set forth
specific facts showing that there is a genuine issue for trial. If the
adverse party does not so respond, summary judgment, if
appropriate, shall be entered against the adverse party.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **HADI MEHRSEFAT,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Civil Action No. 06-1060(HHK)** |
| **v.** ) | |
| ) | |
| **DIRK KEMPTHORNE, Secretary,** ) | |
| **U.S. DEPARTMENT OF THE INTERIOR,** ) | |
| ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## DEFENDANT'S STATEMENT OF MATERIAL FACTS
## AS TO WHICH THERE IS NO GENUINE ISSUE

Pursuant to Local Rule 7.1(h), the Defendant hereby submits his statement of material facts as to which there is no genuine issue.

1.      Plaintiff submitted an application for the position of Economist, GS-5/7, to the Office of Surface Mining (OSM) for Vacancy Announcement Number OSM-2004-0049. Exh. 7. Plaintiff was 57 years of age. Complaint, p.3. The vacancy was advertised from April 30, 2004 through June 1, 2004. Exh. 1.

2.      Vacancy Announcement Number OSM-2004-0049 did not require any applicant to provide their date of birth, gender, or race.  Exh. 1.

3.      The position description for the GS-5 Economist position states in part: Incumbent will assist in data gathering and statistical validation activities needed to support

results contained in evaluation reports including those prepared to meet requirements under the Government Performance and Results Act (GRA)… Exh. 12.

4.      Plaintiff only applied for the GS-5 Economist position. Exhs.2,4,7.

5.      According to the Delegated Examining Operations Handbook, §8.2, "a minimum of three eligibles should be referred for each vacancy…at the discretion of the certifying official and based on its past experience, additional names may be certified to compensate for eligibles who may be expected to decline or fail to respond to an inquiry of availability."  Exh. 5.  In this case, Ms. Brenda Garrett-Freeman placed the top five names from the GS-5 applicant listing. Exh. 15.

6.      Plaintiff was certified on a selection eligible list by Human Resources Specialist Garrett-Freeman.  Plaintiff was among the top three on the selection eligible list. The list for the GS-5 Economist position also included Matthew Brigida, Jonathan Hibshman, James Tichenor, and Ajani Pierce. Exh. 3, page 3.

7.      The selecting official, Ruth Stokes, Chief, Planning Analysis and Budget Officer and Nancy Broderick, Senior Economist, evaluated the candidates on the certificates forwarded to them by Human Resources Specialist Garrett-Freeman, by conducting telephone and in-person interviews with the applicants. Exhs. 8, 9.

8.      On July 9, 2004, Plaintiff was interviewed for the position by Ms. Ruth Stokes and Nancy Broderick. Exh. 3, p.3.

9.      On July 29, 2004, after the Economist position was offered and turned down by Matthew Brigida under the GS-5 certificate, James Tichenor, the fourth individual listed on the GS-5 certificate was interviewed. Exh. 3, p.3.

2

10.     In accordance with the OPM instructions in the certificate. James Tichenor was offered the GS-5 Economist position and accepted the position on August 19, 2004.  Exh. 3, page 3.

11.     On August 24, 2004, Ms. Garrett-Freeman completed an audit on the list of eligibles for the GS-5, Economist position.  Exh. 3, page 3.  The audit was conducted in accordance with OPM Delegated Examining Operations Handbook § 8.13.  Exh. 6.  The certificate was audited within three days after it was returned to the Human Resources Specialist and complied with legal and regulatory selection rules and procedures. Exh. 15.

12.     After Brenda Garrett-Freeman conducted the office audit in August 2004, the Office of Personnel Management (OPM) conducted their own audit and placed the acronym "C/N" on the list of eligibles certificate next to the name of the individuals who were not selected to the Economist position.  OPM defines "C/N" as contacted, not selected.  Exh. 5, 6, and 15.

13.     Both Ruth Stokes and Nancy Broderick were in Plaintiff's protected age group (i.e., they were both over the age of 40): (i) Ms. Stokes, was age 48 at the time of the selection Exh. 9, page 2; (ii) Ms. Broderick, was age 53 at the time of the selection Exh. 11, page 2.

Respectfully submitted,


___/s/_____
KENNETH L. WAINSTEIN, D.C. Bar # 451058
Assistant United States Attorney



___/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney



___/s/_____
WYNEVA JOHNSON, DC Bar #278515
Assistant United States Attorney
Judiciary Center Bldg.
555 4th Street, N.W., Civil Division
Washington, D.C. 20530
(202) 514-7224


OF COUNSEL:
William Buckley
Attorney
Branch of Personnel Litigation and Civil Rights
Solicitor's Office
Department of the Interior

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| _____ | ) | |
| HADI MEHRSEFAT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 06-1060(HHK) |
| v. | ) | |
| | ) | |
| DIRK KEMPTHORNE, Secretary, | ) | |
| U.S. DEPARTMENT OF THE INTERIOR, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

## I.    INTRODUCTION

Plaintiff brings this civil action pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., and alleges that he was discriminated against on the basis of age when he was not selected for the position of Economist, GS-5 in the Office of Surface Mining. Plaintiff also alleges that he was denied due process in the investigation of his administrative discrimination complaint.

## II.    STATEMENT OF FACTS

Plaintiff submitted an application for the position of Economist, GS-5/7, to the Office of Surface Mining (OSM) for Vacancy Announcement Number OSM-2004-0049. Exh. 7. Plaintiff was 57 years of age. Complaint, p.3. The vacancy was advertised from April 30, 2004 through June 1, 2004. Exh. 1.

Vacancy Announcement Number OSM-2004-0049 did not require any applicant to provide their date of birth, gender, or race.  Exh. 1.

The position description for the GS-5 Economist position states in part: Incumbent will assist in data gathering and statistical validation activities needed to support results contained in evaluation reports including those prepared to meet requirements under the Government Performance and Results Act (GRA)… Exh. 12.

Plaintiff only applied for the GS-5 Economist position. Exhs. 2,4,7.

According to the Delegated Examining Operations Handbook, §8.2, "a minimum of three eligibles should be referred for each vacancy…at the discretion of the certifying official and based on its past experience, additional names may be certified to compensate for eligibles who may be expected to decline or fail to respond to an inquiry of availability." Exh. 5.  In this case, Ms. Brenda Garrett-Freeman placed the top five names from the GS-5 applicant listing. Exh. 15.

Plaintiff was certified on a selection eligible list by Human Resources Specialist Garrett-Freeman.  Plaintiff was among the top three on the selection eligible list. The list for the GS-5 Economist position also included Matthew Brigida, Jonathan Hibshman, James Tichenor, and Ajani Pierce. Exh. 3, page 3.

The selecting official, Ruth Stokes, Chief, Planning Analysis and Budget Officer and Nancy Broderick, Senior Economist, evaluated the candidates on the certificates forwarded to them by Human Resources Specialist Garrett-Freeman, by conducting telephone and in-person interviews with the applicants. Exhs. 8, 9.

On July 9, 2004, Plaintiff was interviewed for the position by Ms. Ruth Stokes and Nancy Broderick. Exh. 3, p.3.

On July 29, 2004, after the Economist position was offered and turned down by Matthew Brigida under the GS-5 certificate, James Tichenor, the fourth individual listed on the GS-5 certificate was interviewed. Exh. 3, p.3.

In accordance with the OPM instructions in the certificate,. James Tichenor was offered the GS-5 Economist position and accepted the position on August 19, 2004.  Exh. 3, page 3.

On August 24, 2004, Ms. Garrett-Freeman completed an audit on the list of eligibles for the GS-5, Economist position.  Exh. 3, page 3.  The audit was conducted in accordance with OPM Delegated Examining Operations Handbook § 8.13.  Exh. 6.  The certificate was audited within three days after it was returned to the Human Resources Specialist and complied with legal and regulatory selection rules and procedures. Exh. 15.

After Brenda Garrett-Freeman conducted the office audit in August 2004, the Office of Personnel Management (OPM) conducted their own audit and placed the acronym "C/N" on the list of eligibles certificate next to the name of the individuals who were not selected to the Economist position.  OPM defines "C/N" as contacted, not selected.  Exh. 5, 6, and 15.

Both Ruth Stokes and Nancy Broderick were in Plaintiff's protected age group (i.e., they were both over the age of 40): (i) Ms. Stokes, was age 48 at the time of the selection Exh. 9, page 2; (ii) Ms. Broderick, was age 53 at the time of the selection Exh. 11, page 2.

## III.    ARGUMENT

### A.    Summary Judgment Standard

Under Rule 56 of the Federal Rules of Civil Procedure, a party is entitled to summary judgment if there is no genuine issue of material fact in dispute.  Tao v. Freeh, 27 F.3d 635, 638 (D.C. Cir. 1994).  Under the summary judgment standard, the moving party bears the "initial

responsibility of informing the district court of the basis for its motion, and identifying those

portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together

with the affidavits which it believes demonstrate the absence of a genuine issue of material fact."

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Plaintiff, in response to defendant's motion,

must identify for the Court specific facts showing that there is a genuine issue for trial. Id. at 324

(internal citations omitted).

      Although a court should draw all inferences from the supporting records submitted by the

nonmoving party, the mere existence of a factual dispute, by itself, is not sufficient to bar

summary judgment. See Anderson v. Liberty Lobby, Inc, 477 U.S. 242, 248 (1986). To be

material, the factual assertion must be capable of affecting the substantive outcome of the

litigation; to be genuine, the issue must be supported by sufficient admissible evidence that a

reasonable trier-of-fact could find for the nonmoving party. Laningham v. U.S. Navy, 813 F.2d

1236, 1242-43 (D.C. Cir. 1987); Liberty Lobby, 477 U.S. at 251 (the court must determine

"whether the evidence presents a sufficient disagreement to require submission to a jury or

whether it is so one-sided that one party must prevail as a matter of law"). "If the evidence is

merely colorable, or is not sufficiently probative, summary judgment may be granted." Liberty

Lobby, 477 U.S. at 249-50 (internal citations omitted).

      "Mere allegations or denials in the adverse party's pleadings are insufficient to defeat an

otherwise proper motion for summary judgment." Williams v. Callaghan, 938 F. Supp. 46, 49

(D.D.C. 1996). The adverse party must do more than simply "show that there is some

metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,

475 U.S. 574, 586 (1986). Instead, while the movant bears the initial responsibility of identifying

those portions of the record that demonstrate the absence of a genuine issue of material fact, the burden shifts to the non-movant to "come forward with 'specific facts showing that there is a genuine issue for trial.'" Id. at 587 (citing Fed. R. Civ. P. 56(e)) (emphasis in original).

Importantly, "[w]hile summary judgment must be approached with specific caution in discrimination cases, a plaintiff is not relieved of [his] obligation to support [his] allegations by affidavits or other competent evidence showing that there is a genuine issue for trial." Morgan v. Fed. Home Loan Mortgage Corp., 172 F.Supp.2d 98, 104 (D.D.C. 2001) (quoting Calhoun v. Johnson, No. 95-2397, 1998 WL 164780, at *3 (D.D.C. Mar. 31, 1998), aff'd, No. 99-5126, 1999 WL 825425, at *1 (D.C. Cir. Sept. 27, 1999)). See also Marshall v. James, 276 F. Supp. 2d 41, 47 (D.D.C. 2003) (special caution "does not eliminate the use of summary judgment in discrimination cases"). "Summary judgment is not a 'disfavored procedural shortcut,' but is an integral procedural tool which promotes the speedy and inexpensive resolution of every case." Marshall, 276 F. Supp. 2d at 47 (quoting Celotex Corp., 477 U.S. at 327).

**B.      Legal Standard for Discrimination Claims**

Age discrimination claims are resolved under the burden-shifting standard first set forth in McDonnell-Douglas Corp. v. Green, 411 U.S. 792 (1973). See Teneyck v. Omni Shoreham Hotel, 365 F.3d 1139, 1155 (D.C. Cir. 2004). The burden of production first shifts from employee to employer. The plaintiff must first, by a preponderance of the evidence, establish a prima facie case of discrimination. See St. Mary's Honor Center v. Hicks, 509 U.S. 502, 506 (1993). If the employee succeeds, the employer then must introduce evidence of a legitimate, nondiscriminatory reason for its action. See McDonnell Douglas, 411 U.S. at 802. The burden on the employer is indeed one of production, not persuasion - "it can involve no credibility

9

determination."  Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 144 (2000),

quoting, Hicks, 509 U.S. at 509.

The Supreme Court has explained that the elements of a prima facie case of

discrimination may differ from case to case.  See Texas Dep't of Community Affairs v. Burdine,

450 U.S. 248, 253 n.6 (1981).  The fundamental requirement, however, is that the prima facie

case, without additional proof to the contrary, give rise to an inference that the defendant's

conduct was discriminatory.  See Simens v. Reno, 960 F.Supp 6, 8-9 (D.D.C. 1997).

To make out a  prima facie case of discrimination under the ADEA, a plaintiff must show

that he:  (1) belongs to the statutorily-protected age group (over 40), (2) was qualified for the

position, (3) suffered an adverse action, and (4) was disadvantaged in favor of a younger person.

Teneyck, 365 F.3d at 1155; May v. Shuttle, Inc., 129 F.3d 165, 172 (D.C. Cir. 1997), cert.

denied, 524 U.S. 927 (1998); Forman v. Small, 271 F.3d 285, 292 (D.C. Cir. 2001).  The

"younger person" referred to in the fourth requirement must be a person "considerably" younger

than the plaintiff.  See Crockett v. Richardson, 127 F.Supp. 2d 40, 46 (D.D.C. 2001); see also

Beeck v. Federal Express Corp., 81 F. Supp.2d 48, 53 (D.D.C. 2001) ("To raise an inference of

discrimination by showing that a younger person was favored, a plaintiff must point to a worker

with a 'significant' or 'substantial' difference in age") (citing O'Connor v. Consolidated Coin

Caterers Corp., 517 U.S. 308, 313 (1996)).

Once it is established that both parties have met their respective burdens of production

(i.e., plaintiff by presenting a prima facie case and defendant by producing a non-discriminatory

reason for its actions), the burden shifting scheme becomes irrelevant.  Hicks, 509 U.S. at 510.

Then, the plaintiff must establish, by a preponderance of the evidence, that age, "race, color,

10

religion, sex, or national origin was a motivating factor for any employment practice." Desert Palace, Inc. v. Costa, 539 U.S. 90, 101 (2003), citing, 42 U.S.C. § 2000e-2(m); see also Phuong v. National Academy of Sciences, 927 F.Supp. 487, 489 (D.D.C. 1996)(To prevail under the ADEA, "plaintiff must establish by a preponderance of the evidence that age was a determining or motivating factor in an adverse employment action taken by her employer.")

A plaintiff must present substantial and credible evidence of discrimination in order to survive a motion for summary judgment. See Greene v. Dalton, 164 F.3d 671, 675 (D.C. Cir. 1999) ("Accepting [some] conclusory allegations as true, therefore, would defeat the central purpose of the summary judgment device, which is to weed out those cases insufficiently meritorious to warrant the expense of a jury trial."); Carpenter v. Federal Nat'l Mortgage Ass'n, 165 F.3d 69, 72 (D.C. Cir. 1999) (if plaintiff merely shows that the legitimate nondiscriminatory reason offered by the employer is a pretext for a decision intending to cover up an unsavory reason -- but one that is not illegal under the antidiscrimination law,  the plaintiff is not entitled to try issues of fact, and summary judgment for the employer is appropriate.); Hastie v. Henderson, 121 F.Supp.2d, 72, 77 (D.D.C. 2000) aff'd, No. 00-5423, 2001 WL 793715 (D.C. Cir. 2001)("To defeat a motion for summary judgment, a plaintiff cannot create a factual issue of pretext with mere allegations or personal speculation, but rather must point to 'genuine issues of material fact in the record.'"); Woodruff v. DiMario, 164 F.Supp. 2d 1, 5 (D.D.C. 2001). Additionally, there will be "instances where, although the plaintiff has established a prima facie case and set forth sufficient evidence to reject the defendant's explanation, no rational factfinder could conclude that the action was discriminatory." Weigert v. Georgetown University, 120 F.Supp.2d 1, 22 (D.D.C. 2000), quoting, Reeves, 530 U.S. at 148.

## C.    Deference due to Agency Decisions

Before turning to the merits, a brief word is in order concerning the scope of review in employment discrimination cases.  Though Plaintiff might wish it otherwise, the employment discrimination statutes did not transform federal courts into review boards for local employment decisions.  "Title VII, it bears repeating, does not authorize a federal court to become 'a super-personnel department that reexamines an entity's business decisions.'"  Barbour v. Browner 181 F.3d 1342, 1346 (D.C. Cir. 1999) (quoting Dale v. Chicago Tribune Co., 797 F.2d 458, 464 (7th Cir. 1986)).  To the contrary, a court "may not 'second-guess an employer's personnel decision absent demonstrably discriminatory motive.'"  Fischbach v. District of Columbia Dep't of Corrections, 86 F.3d 1180, 1183 (D.C. Cir. 1996) (quoting Milton v. Weinberger, 696 F.2d 94, 100 (D.C. Cir. 1982)).  See also Barnette v. Chertoff, – F.3d – , No. 04-5443, slip. op. at 2 (D.C. Cir. July 7, 2006).

## D.    Defendant Has Articulated Legitimate Non-Discriminatory Reasons for its Decision

Assuming, arguendo, that Plaintiff has established the first 3 prongs of his prima facie case, Plaintiff,  cannot establish that he was accorded treatment different than that accorded to other similarly-situated applicants who were younger than he.  He cannot present any evidence that he was treated less favorably than someone outside of his protected group, i.e., a younger, applicant.  For example, Plaintiff was among 56 applicants for the GS-5 Economist position. The Plaintiff submitted a questionnaire along with his application and was given a score of 97.48 by the Human Resources Office based on the answers he gave as part of the application.  The Plaintiff was referred for the GS-5 Economist position along with four other applicants.   He was then interviewed for the position along with the second and third ranked applicants on the GS-5

12

certificate. (Exh. 3)  The second person on the certificate, Matthew Brigida was selected;

however, he declined the offer.

       Pursuant to the Office of Personnel Management's (OPM) rules, "If there are more than

three names on the certificate, you must select from the first three available names before

considering subsequent names."Exh. 3, pp. 1-2, Exh. 4, pp. 1-2.  After Matthew Brigida declined

the offer, the fourth individual on the certificate, James Tichenor, became eligible for

consideration and was interviewed for the Economist position in accordance with OPM

regulations and was offered the position, ultimately accepting the offer on August 19, 2004. Exh.

3, p.3.

       Finally, Ms. Stokes stated that the selectee was the best qualified for the GS-5 position.

Specifically, she stated:

> A      Both met the educational requirements.
>
> The selectee had demonstrated ability in data collection and methodology; recent
> database management experience to organize the data; and current computer
> applications that would enable analysis of the data. He demonstrated knowledge
> of economic concepts. He conducted surveys and completed grant proposals
> outlining steps and goals. His skills would be at the entry level.
>
> The Complainant was a current professor at Strayer University and taught
> economics. I do not recall his relating database information other than in grading
> student papers. His expertise was very accomplished, but not related to data
> collection and data base management skills at an entry level.

Exh. 9.

       In addition, Nancy Broderick, Senior Economist, interviewed Plaintiff and was of the

opinion that Plaintiff had experience related to finance and business management. Plaintiff,

however, did not possess the skills required for economic cost benefit analysis and did not have

enough experience with data manipulation or hands-on computer skills.  Exh. 11. Thus,

Defendant has articulated legitimate, non-discriminatory reasons for Plaintiff's non-selection for the position of GS-5 Economist.

> **E.    Plaintiff has not shown that the defendant's legitimate, nondiscriminatory reason for its non-selection of plaintiff was a pretext for unlawful discrimination.**

Once Defendant articulates the reasons for its actions, he prevails unless Plaintiff "succeeds in discrediting the employer's explanation." See Samii v. Billington, 195 F.3d 1, 3 (D.C. Cir. 1999) (citing Aka v. Washington Hospital Center, 156 F.3d 1284, 1289 (D.C. Cir. 1998)). "Since the ultimate burden of persuasion in proving race discrimination remains with the plaintiff, summary judgment is appropriate where the employee is unable to satisfy this burden." Samii, 195 F.3d at 3. Moreover, simply casting doubt on the employer's proffered justification does not automatically enable Plaintiff to survive summary judgment. See Aka, 156 F.3d at 1290-91. Rather, Plaintiff must proffer evidence beyond mere speculations and allegations when refuting the defendant's legitimate, non-discriminatory reasons for its decisions. See Brown v. Brody, 199 F.3d 466, 458 (D.C. Cir. 1999).

The mere fact that plaintiff personally believes that he was the best qualified candidate does not create a dispute of material fact. Plaintiff cannot establish pretext simply based on his own subjective assessment of his own performance, for "plaintiff's perception of [himself] , and of his work performance, is not relevant." Waterhouse v. District of Columbia, 124 F. Supp2d 1, 7 (D.D.C. 2000). "Plaintiff's subjective belief of qualifications is not evidence that can be used to establish that he was qualified for the job." Harris v. University of the District of Columbia, No. 87-2631 (LFO), 1990 WL 99316 at *5 (D.D.C. July 6, 1990) (citing Morse v. ATT Information Systems, 703 F. Supp. 1072, 1083 (S.D.N.Y. 1989)); see also Carberry v. Monarch

Marking Systems, Inc., 30 Fed. Appx. 389, 393, 2002 WL 220634 at *3 (6th Cir. Feb. 11, 2002)

("[i]f plaintiff had merely given his own subjective opinion that he was better qualified then Mr.

Driscoll, he would not have presented a jury issue"); Holt v. KMI-Continental, Inc., 95 F.3d 123,

129 (2d Cir. 1996) (cannot show pretext merely by asserting "personal belief" as to most

qualified person); Johnson v. University of Wisconsin at Eau Claire, 70 F.3d 469, 481 (7th Cir.

1995); Branson v. Price River Coal Co., 853 F.2d 768, 772 (10th Cir. 1988) ("[i]t is the

perception of the decision maker which is relevant [to determining pretext], not plaintiff's

perception of [him]self.").  Here, plaintiff has no testimony or other evidence of superior

qualifications other than his personally held belief.

Aside from plaintiff's own personal belief that he should have received the position

because he had the top score on the list of eligibles, there is nothing contained in the record, and

Plaintiff has provided no evidence to show that the selecting official's specific reasons for

selecting another person for the Economist position were pretextual.

In the instant matter, Plaintiff has no evidence that the Defendant deviated from its

regular procedures in making a selection for the GS-5 Economist position.  In fact, the evidence

shows that Human Resources Specialist, Ms. Garrett-Freeman and the selecting official, Ms.

Stokes, followed the Department's and OPM's procedures with regard to the selection process.

(Exh. 6, 7, 13, and 15).

OPM regulations establish the "rule of three" that states it is within the purview of the

selecting official to interview the first three candidates and select one of those individuals for the

position.  (Exh. 3, page1).  Once the second person, Mr. Brigida, declined the offer of

employment, OPM regulations allow the fourth person on the certificate (i.e. the next subsequent

15

candidate to become eligible) to be interviewed and that person can be offered a position if selected as the best qualified by the selecting official. (Exh. 3, page 1). Finally, Plaintiff was never asked to supply his age during the application process or during the interview. (Exh. 9, 11, 13, and 14). Thus, Plaintiff has made no showing of pretext.

### F.      Plaintiff Has Not Established a Claim of Disparate Impact.

To the extent that Plaintiff may also be alleging a disparate impact claim, such a claim has no merit. In order to establish a prima facie case of disparate impact, a plaintiff must show, by a preponderance of the evidence, that an agency practice or policy, while neutral on its face, disproportionately impacted members of his protected class. Plaintiff must demonstrate this disparate impact through the presentation of statistical evidence that establishes a statistical disparity that is linked to the challenged practice or policy. Watson v. Fort Worth Bank and Trust, 487 U.S. 977, 994 (1988) (a plaintiff must present "statistical evidence of a kind and degree sufficient to show that the practice in question has caused the exclusion").

Specifically, to establish a prima facie case of disparate impact, Plaintiff must: (1) identify the specific practice or policy challenged; (2) show statistical disparities; and (3) show that the disparity is linked to the challenged practice or policy. The burden is on Plaintiff to show that "the facially neutral standard in question affects those individuals [within the protected group] in a significantly discriminatory pattern." Dothard v. Rawlinson, 433 U.S. 321, 329 (1977).

Here, Plaintiff cannot meet his initial burden. First, Plaintiff cannot identify the specific practice or policy that causes this alleged disparate impact. In addition, Plaintiff cannot provide any evidentiary or statistical support regarding whether any other older, status or non-status

16

applicants had the same experience with regard to applying for the GS-5 Economist position.

Thus, he also cannot meet the second and third prong of his burden. Accordingly, plaintiff has

made no basis for any disparate impact claim[2].

---

[2]Plaintiff has also claimed that he was denied due process during the investigation of his administrative complaint. Plaintiff, however, was accorded a full EEO investigation including the opportunity to present evidence in support of his claim. Exh. 10. Moreover, it is well-settled that an alleged failure to process an EEO claim properly is not actionable. See, e.g., Packer v. Garrett, 735 F.Supp. 8, 9-10 (D.D.C. 1990), aff'd, 959 F.2d 1102 (D.C. Cir.)(table), cert. denied, 506 U.S. 1036 (1992), Young v Sullivan, 733 F.Supp. 131, 132 (D.D.C. 1990), aff'd, 946 F.2d 1568 (D.C. Cir. 1991)(table), cert. denied, 503 U.S. 918 (1992).

17

## V.    CONCLUSION

For the foregoing reasons, defendant requests that summary judgment be granted.

Respectfully Submitted,


___/s/_____
KENNETH L. WAINSTEIN, D.C. Bar # 451058
Assistant United States Attorney



__/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney




___/s/_____
WYNEVA JOHNSON, DC Bar #278515
Assistant United States Attorney
Judiciary Center Bldg.
555 4th Street, N.W., Civil Division
Washington, D.C. 20530
(202) 514-7224


OF COUNSEL:
William Buckley
Attorney
Branch of Personnel Litigation and Civil Rights
Solicitor's Office
Department of the Interior

18

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this ___ day of September 2006, a copy of the foregoing

Motion for Summary Judgment was sent first class mail, postage prepaid to:

Hadi Mehrsefat
6200 Westchester Park Drive #815
College Park, MD  20740

                                            _____
                                            Wyneva Johnson
                                            Assistant United States Attorney
                                            Judiciary Center Building
                                            501 3rd Street, N.W.
                                            Room E4106
                                            Washington, D.C. 20001