IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HADI MEHRSEFAT, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>DIRK KEMPTHORNE, Secretary, )<br>U.S. DEPARTMENT OF THE INTERIOR, )<br>)<br>)<br>    Defendant. )<br>) | Civil Action No. 06-1060 (HHK) |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff has filed an Opposition to Defendant's Motion for Summary Judgment and stated "I have explained in detail all of my reasons and facts for being discriminated against in the Complaint to the Court, Civil Action No: 1:06-CV-01060 (HHK)." Plaintiff's Opposition, p. 1. Plaintiff's Complaint contained 22 exhibits.

In his Motion for Summary Judgment, Defendant responded to the assertions in Plaintiff's complaint and his exhibits. There are no additional matters raised in Plaintiff's Opposition which were not addressed in Defendant's Motion for Summary Judgment.

In addition, Plaintiff has filed no objection to Defendant's Statement of Material Facts Not in Dispute even though he lists certain facts in his Opposition. The parties however, "are obligated pursuant to Local Rule [7.1(h)], to identify the material facts and to point to evidence of record that supports their respective positions." United States v. BCCI Holdings, 977 F.

Supp.2d 1,6 (D.D.C. 1997), citing, <u>Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner</u>, 101 F.3d 145, 150-151 (D.C. Cir. 1996). The district court's obligation in examining a Rule [7.1(h)] statement of material facts in dispute, however labeled, and wherever it appears in the opposition pleadings, extends therefore only to a determination of whether the party opposing summary judgment has complied with the rule's plain requirements. <u>Jackson</u>, 101 F.3d. at 153. Here, plaintiff's Opposition fails to address the critical assertions made by defendant in defendant's statement of material facts not in genuine dispute. Accordingly, The Defendant's Statement of Material Facts may be treated as undisputed. E.g. <u>Twist v. Meese</u>, 854 F.2d 1421 (D.C. Cir. 1988).

      Based on the foregoing and his earlier Memorandum, Defendant's Motion for Summary Judgment should be granted.

Respectfully submitted,


\_\_/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
Assistant United States Attorney


\_\_/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


\_\_/s/_____
WYNEVA JOHNSON, DC Bar #278515
Assistant United States Attorney
Judiciary Center Bldg.
555 4th Street, N.W., Civil Division
Washington, D.C. 20530
(202) 514-7224

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a copy of the foregoing was served by mail, postage prepaid,

to:

HADI MEHRSEFAT
6200 Westchester Park Drive
Apartment 815
College Park, MD 20740
US
(301) 345-0478
PRO SE


on this ___ day of November, 2006.

                                /s/
                         Wyneva Johnson
                         Assistant United States Attorney
                         United States Attorney's Office
                         555 4th Street, N.W.
                         Washington, D.C. 20530
                         (202) 514-7224