UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HADI MEHRSEFAT,<br><br>              Plaintiff,<br><br>    v.<br><br>DIRK KEMPTHORNE, et al.,<br><br>             Defendants. | Civil Action 06-01060 (HHK) |

MEMORANDUM OPINION

Plaintiff Hadi Mehrsefat brings this action pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, alleging that the Office of Surface Mining ("OSM") discriminated against him based upon his age when it did not select him for employment as a GS-5 economist. Before the court is defendants' motion for summary judgment [#8]. Upon consideration of the motion, the opposition thereto, and the record of this case, the court concludes that the motion must be granted.

I.  BACKGROUND

Mehrsefat applied for the disputed economist position in 2004 and was certified on a selection-eligible list by a human resources specialist at OSM. He, along with other applicants on the selection-eligible list, was interviewed for the position. After having its initial offer of employment declined by one applicant, OSM offered the job to James Tichenor, an applicant substantially younger than Mehrsefat. Tichenor accepted the offer.

## II.  ANALYSIS

A.    **Mehrsefat's Age Discrimination Claim**

OSM contends that even if Mehrsefat has established a *prima facie* case of age discrimination, *see Teneyck v. Omni Shoreham Hotel*, 365 F.3d 1139, 1155 (D.C. Cir. 2004), OSM has articulated a legitimate, nondiscriminatory reason for its action, and Mehrsefat has not satisfied his resulting burden to proffer evidence giving rise to an inference that OSM's stated nondiscriminatory explanation is pretextual for discriminatory animus.  The court agrees.

OSM officials explained that Mehrsefat was not hired because, though his experience in finance and business management was significant, he lacked "data collection and data base management skills" that would be required for the person holding the vacant position.  Defs.' Ex. 9 at 4 (Stokes Aff.); *see also* Ex. 11 at 4 (Broderick Aff.) (stating that the plaintiff "had more business skills than cost benefit analysis skills" and that he "did not have enough experience with data manipulation or hands on computer skills experience").  Tichenor had these skills.

Plaintiff has introduced insufficient evidence to call this explanation for OSM's decision to hire Tichenor into question.  He first stresses Tichenor's youth and lack of "work experience as an economist." Pl.'s Opp'n at 2.  Though great disparities in qualifications may give rise to inferences of discrimination, any inferences to be drawn from the disparity here are insufficient to overcome OSM's stated explanation that computer and data analysis skills were essential to the job, and that Mehrsefat had not demonstrated those skills.  Mehrsefat also points out that he was ranked highest in the initial screening process (Tichenor was ranked fourth), but again, any negative inferences to be drawn from this difference are slight, at best, and fail to meaningfully undermine OSM's stated reasons for declining to offer plaintiff the position.  His remaining

2

arguments amount to little more than quibbles regarding minor details, such as inconsistencies in OSM paperwork and the fact that one decisionmaker (Nancy Broderick) did not attend his interview (though she reviewed his application and received feedback regarding his interview from Ms. Stokes, who was present). The evidence proffered by Mehrsefat does not give rise to an inference — warranting denial of the summary judgment motion — that OSM's stated explanation for its hiring decision amounts to pretext for unlawful age discrimination.

**B.     Mehrsefat's Due Process Claim**

Mehrsefat also alleges denial of due process arising out of the manner in which the Equal Employment Opportunity Commission ("EEOC") conducted its investigation of his employment discrimination charge with that agency. No such denial occurred. In any event, Title VII "does not create an independent cause of action for the mishandling of an employee's discrimination complaints." *Nichols v. Truscott*, 424 F. Supp. 2d 124, 134 (D.D.C. 2006) (quoting *Young v. Sullivan*, 733 F. Supp. 131, 132 (D.D.C. 1990), *aff'd* 946 F.2d 1568 (D.C. Cir. 1991), and collecting cases).

### III.  CONCLUSION

For the foregoing reasons, the court grants summary judgment in favor of defendants. An appropriate order accompanies this memorandum.

Henry H. Kennedy, Jr.
United States District Judge

Dated: July 2, 2007